TEXTILE MILL SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 10382.   Promulgated September 19, 1927.

1. In determining whether current dividends, for the purpose
of computing invested capital, are paid from current earnings or
from surplus existing at the beginning of the year, current earn-
ings should not be reduced by a tentative income and profits tax
for the current year.

2. Claim for assessment under sections 327 and 328 of the
Revenue Act of 1918 denied.

*Theodore B. Benson, Esq.,* for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

This proceeding arises from the determination by the Commis-
sioner of a deficiency of $5,374.73 in income and profits taxes for the
fiscal year ended May 31, 1920.

It is alleged that the respondent committed error (1) in deducting
a pro rata part of the income and profits tax due for 1919 in deter-
mining the amount of invested capital for excess-profits-tax pur-
poses, (2) in reducing current earnings by deducting therefrom a
tentative tax in determining the extent to which dividends were paid
therefrom, (3) in refusing to determine the tax liability under the
provisions of section 328 of the Revenue Act of 1918.

The first assignment of error was waived by petitioner at the
hearing and is not here in issue.

FINDINGS OF FACT.

The petitioner is a corporation organized and existing under the
laws of the State of North Carolina with principal office at Char-
lotte.   During the taxable year in question it was affiliated with the
Charlotte Manufacturing Co., also a North Carolina corporation,
having the same principal office and place of business, and a con-
solidated return for both companies was filed.   In computing the

deficiency the Commissioner reduced the invested capital as of the beginning of the year by current dividends alleged to have been paid from sources other than current earnings. In computing current earnings available for dividends, the Commissioner reduced the earnings by the amount of a tentative tax computed thereon. The computation made by the Commissioner was as follows:

Invested capital for year_____ $220, 185. 18
Net income for year_____ 111, 439. 85
Tentative tax_____ 37, 395. 35
Net income available for dividends_____ 74, 044. 50

| Dividends paid | Amount | Available earnings | Paid out of surplus | Number of days effective | Adjusted average |
|---|---|---|---|---|---|
| June 30, 1919_____ | $1, 200. 00 | None. | $1, 200. 00 | 337 | $1, 104. 92 |
| July 1, 1919_____ | 5, 000. 00 | None. | 5, 000. 00 | 336 | 4, 590. 16 |
| Aug. 9 1919_____ | 10, 000. 00 | $13, 959. 39 | None. | | |
| Aug. 22, 1919_____ | 10, 000. 00 | 6, 589. 42 | 3, 410. 58 | 284 | 2, 646 46 |
| Net surplus adjustment_____ | | | | | 8, 341. 54 |

The Commissioner reduced petitioner's invested capital as it existed at the beginning of the year by $8,341.54, and determined the correct tax liability of the two corporations to be $37,824.21.

The business engaged in by the petitioner consisted of buying and selling textile mill supplies, such as bobbins, spools, shuttles, shaftings, pulleys and hangers. Ninety per cent of the stock of the petitioner was owned by four men, Crampton, Ferris, Glover, and McMahon; these men were officers of petitioner. They gave their entire time to petitioner's business and, in addition to acting as executives, Glover had charge of buying and Crampton and McMahon were principally engaged in selling, and traveled from Virginia to Texas. In addition to the officers two salesmen were employed. The salaries they received were less than was paid to the officers. Sales were promoted principally through personal contact of the officers. There was some advertising in textile publications, and circular letters and pamphlets were mailed to customers. The total amount expended by petitioner for advertising in the taxable year was $903.55.

The gross sales of petitioner in the taxable year amounted to $1,172,777.65, and the consolidated gross sales were $1,278,055.77. The consolidated net income was $107,231.46. The consolidated invested capital was $211,676.12. The excess-profits tax of the affiliated corporations was determined by the Commissioner to be $30,438.73.

The compensation paid the officers of petitioner was as follows:

| | |
|---|---|
| H. J. Crampton, president_____ | $5,100 |
| F. B. Ferris, vice president_____ | 5,000 |
| F. W. Glover, secretary_____ | 6,000 |
| P. L. McMahon, treasurer_____ | 6,000 |

Compensation paid its officers by the affiliated company was as follows:

| | |
|---|---|
| F. B. Ferris, president_____ | $500 |
| P. L. McMahon, vice president_____ | 500 |
| F. W. Glover, secretary and treasurer_____ | 800 |
| A. L. Crampton_____ | 500 |
| R. L. Spratt_____ | 500 |

The Commissioner computed petitioner's profits tax for the previous year, ended May 31, 1919, under section 328 of the Revenue Act of 1918. The rate of profits tax to net income for the last five months of the fiscal year ended May 31, 1919, which fell in the calendar year 1919, as determined by the comparatives used by the Commissioner, was 26.72 per cent. This rate was used in the determination of the profits tax.

OPINION.

PHILLIPS: The first assignment of error was waived by petitioner at the hearing and is not here in issue.

In determining what earnings were available for payment of dividends, the Commissioner first computed a so-called tentative tax on the earnings of the year, reduced the earnings by such tentative tax and prorated the resulting figure over the year. We have heretofore had occasion to consider this question in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, where we reached the conclusion that such a reduction of the earnings was not justified. The invested capital and the deficiency should be recomputed accordingly.

The petitioner claims the right to have its profits tax computed under the provisions of section 328 of the Revenue Act of 1918, contending that the Commissioner determined that it was entitled thereto in a prior year and that salaries paid were so small as to result in an abnormality of income. The first ground urged seems to us untenable. That the Commissioner may have permitted special relief in one year can not control other years when the question is raised before the Board. If, for example, the Commissioner erred with respect to such year, must such error be perpetuated indefinitely? Furthermore, we do not know on what basis the Commissioner based his determination as to the preceding year. The fact that net income and invested capital are similar in both years would

be insufficient to establish that the situation with respect to the factors entering into their computation were the same in each year.

There is nothing from which we may determine whether the salaries paid to the officers were abnormally low, or otherwise. We know that the business earned a substantial net income during the taxable year, but this is not sufficient to enable us to say either that these officers should have commanded larger salaries or that any abnormality exists. The law in section 327 expressly provides that the relief claimed shall not apply to the case where the tax is high merely because the corporation earned a high rate of profit upon a normal invested capital

On the record before us we see no basis for the application of sections 327 and 328 of the Act.

Reviewed by the Board.

*Decision will be entered on 15 days' notice, under Rule 50.*